**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**qAT OWENSBORO**

**EDDIE MAXIESON**                                                                                              **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 4:23CV-P17-JHM**

**JASON WOOSLEY** *et al.*                                                                                **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Eddie Maxieson, a pretrial detainee at the Grayson County Detention Center (GCDC), filed the instant 42 U.S.C. § 1983 action. This matter is before the Court on an initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

### I. SUMMARY OF COMPLAINT

Plaintiff sues GCDC Jailer Jason Woosley and Head Nurse Gary Skaggs in their individual and official capacities. Plaintiff states that he was booked into GCDC on September 1, 2022, at which time he gave Lt. Decker a list of medications that he was on and that Decker logged the list of medications into a computer. Plaintiff describes his claims as follows:

> One: I feel it was medical malpractice because medical staff, did not give me my blood pressure medication stating in the grievance that they didn't have a list of medications I was on, but Lt. Decker had logged the list of medication in the facilities and sent it to medical along with my diabetic medication information.
>
> Also, Gary Skaggs stated in the grievance that if my medication didn't come with me that I had to fill out a medical release form, but I did not have to fill out a medical release form for my diabetic medication.
>
> Two: I feel Gary Skaggs was negligent by having med tech Christina place me in medical observation that felt more like a punishment because I was stripped of all my personal belongings and was made to lay on a dirty floor with just a mat and blanket with several other inmates that were not in medical observation which we had to lay shoulder to shoulder with each other because it was so crowded. View camera footage from 10:00 pm, 9-17-2022 to 9-18-2022 until 9:30 am.

> Three:  I feel safety and security was breached because Jason Woosley and Gary Skaggs waited 5 hours to send me to the hospitol emergency room, at which time I could've had a stroke or even worst while waiting on Mr. Woosley and Mr. Skaggs, to make up their mind to decide to send me to the hospital because my life was clearly endanger.
>
> Three:  Mr. Skaggs, also has four different reason's why I did not receive my blood pressure medication which clearly show's that he could not give a legitimate response to why medical was negligent denying me of my blood pressure medicine.

As relief, Plaintiff seeks compensatory and punitive damages.[1]

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d

---

[1] To the complaint, Plaintiff attaches a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Plaintiff apparently filed an identical copy of the petition separately, and it was opened as a habeas action. *See Maxieson v. Woosley et al.*, Civil Action No. 4:23CV-21-JHM.

2

1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

#### A. § 1983 claims

##### 1. Denial of blood pressure medication

Plaintiff alleges that Defendant Skaggs denied him his blood pressure medication. The Court construes these allegations as asserting a § 1983 claim for violation of the Fourteenth Amendment. "Pretrial detainees have a right to adequate medical care under the Fourteenth Amendment. An officer violates that right if that officer shows deliberate indifference to [a pretrial detainee's] serious medical needs[.]" *Hyman v. Lewis*, 27 F. 4th 1233, 1237 (6th Cir. 2022) (internal citations and quotation marks omitted; brackets in *Hyman*). The Sixth Circuit has articulated the standard for a Fourteenth Amendment claim of deliberate indifference as requiring that a plaintiff must show (1) the existence of a sufficiently serious medical need, and (2) "that each defendant 'acted deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 317 (6th Cir. 2023) (quoting *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021)) (internal quotation marks omitted).

For the purposes of initial review, the Court concludes that Plaintiff's need for blood pressure medication meets the objective requirement for stating a sufficiently serious medical need. However, Plaintiff cannot satisfy the second component because he does not allege that

Defendant Skaggs acted deliberately or recklessly in not giving him the blood pressure medication. Plaintiff alleges that "it was medical malpractice" to not give him the medication and that Defendant Skaggs "could not give a legitimate response to why medical was negligent denying me of my blood pressure medicine." A pretrial detainee must allege "more than negligence but less than subjective intent—something akin to reckless disregard." *Brawner*, 14 F.4th at 596 (internal quotation marks omitted). Nothing in the complaint suggests that the denial of the medication was deliberate or reckless rather than an administrative oversight due to negligence. Therefore, this claim will be dismissed for failure to state a claim upon which relief may be granted.

### 2. Placement in medical observation

Plaintiff also alleges that Defendant Skaggs "was negligent by having med tech Christina place me in medical observation that felt more like a punishment because I was stripped of all my personal belongings" and had to sleep in an overcrowded cell "on a dirty floor with just a mat and blanket" from 10:00 pm on September 17, 2022, to 9:30 am the next morning. The Court also construes these allegations as asserting a claim for violation of the Fourteenth Amendment, which applies to conditions-of-confinement claims brought by pretrial detainees. *Brawner*, 14 F.4th at 591. In the context of conditions of confinement, to satisfy the first objective prong, a plaintiff must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the second prong, a plaintiff must show that the defendant acted "deliberately" and "recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Brawner*, 14 F.4th at 596 (quoting *Farmer*, 511 U.S. at 836).

The Court need only address the first prong with regard to this claim. Contemporary standards of decency determine whether conditions of confinement meet this standard. *See, e.g.*, *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004) (citing *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). Contemporary standards of decency are violated only by "extreme deprivations" which deprive the prisoner of the "minimal civilized measure of life's necessities." *Id.* (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "[A] plaintiff [who] allege[s] only temporary inconveniences . . . does not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency." *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511-12 (6th Cir. 2001). Thus, the Sixth Circuit has found that "the length of exposure to the conditions is often paramount." *Lamb v. Howe*, 677 F. App'x 204, 209 (6th Cir. 2017) (citing *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001)); *see also Hutto v. Finney*, 437 U.S. 678, 686-87 (1978) ("[T]he length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards. A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months.").

The Court finds that the alleged conditions, lasting less than twelve hours, do not satisfy the first prong for stating a conditions-of-confinement claim under the Fourteenth Amendment. *See Grissom v. Davis*, 55 F. App'x 756, 757-58 (6th Cir. 2003) (holding that seven-day period where inmate was not given mattress, blanket, or sheets did not deprive her of basic human needs or cause her to suffer serious harm); *Wells v. Jefferson Cnty. Sheriff Dep't*, 35 F. App'x 142, 143 (6th Cir. 2002) (finding that sleeping on a mattress on the floor in a cold cell for six days was not a constitutional violation); *Metcalf v. Veita*, No. 97-1691, 1998 U.S. App. LEXIS 18266, 1998 WL 476254, at *5 (6th Cir. Aug. 3, 1998) (finding that an eight-day denial of showers, trash removal, cleaning, and laundry did not result in serious pain or offend contemporary standards of decency);

5

*Martinez v. Gore*, No. 5:21-CV-P50-TBR, 2021 U.S. Dist. LEXIS 104358, at *6 (W.D. Ky. June 3, 2021) ("The Court finds that Plaintiff's claim that he spent four days with nothing but paper boxers to wear in a cold cell with no mat, sheets, blankets, shoes, socks, or other property, standing alone, does not state an Eighth Amendment claim."). Therefore, this claim also will be dismissed for failure to state a claim upon which relief may be granted.

### 3. Delay in transport to emergency room

Plaintiff next alleges that Defendants Woosley and Skaggs "waited 5 hours to send me to the hospitol emergency room, at which time I could've had a stroke or even worst while waiting . . ." The Court construes these allegations as asserting a claim for delay in medical treatment in violation of the Fourteenth Amendment. "Where the alleged constitutional violation is a delay in medical treatment for a serious medical need, a slightly different analysis is employed to determine whether a plaintiff has satisfied the objective element of the test." *Kimbrough v. Core Civic*, No. 1:19-CV-00048, 2019 U.S. Dist. LEXIS 100788, at *5 (M.D. Tenn. June 17, 2019) (citing *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001)). "For example, a court must examine the effect of the delay to ascertain whether the deprivation was sufficiently grave that it posed a substantial risk of serious harm." *Id.* Plaintiff alleges no detrimental effect or injury due to the five-hour delay in Defendants' order to transport him to the emergency room. Therefore, the Court concludes that Plaintiff fails to meet the objective component for stating a Fourteenth Amendment claim, and this claim also will be dismissed for failure to state a claim.

### B. State-law claims

Plaintiff also alleges medical malpractice and negligence against Defendant Skaggs. Because Plaintiff's federal claims are being dismissed, the Court declines to exercise supplemental jurisdiction over any state-law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may

decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"). The state-law claims, therefore, will be dismissed without prejudice.

## IV.  CONCLUSION

The Court will enter a separate Order of dismissal for the reasons stated herein.

Date:   June 2, 2023

*Joseph H. McKinley Jr.*, Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
4414.010